ABE COHEN COMPANY, INC., Plaintiff, *v.* LEON FRUIT COMPANY, INC., Defendant.

*Supreme Court, Monroe County, June 16, 1931.*

*Maurice J. Kaman,* for the plaintiff.

*Cosmo A. Cilano,* for the defendant.

CUNNINGHAM, J. This action is brought to recover upon two checks given by the defendant to plaintiff's assignor and drawn upon a bank in which the defendant had no funds. It now appears that the defendant was indebted to plaintiff's assignor in the amount of said checks for goods previously sold and delivered. The plaintiff alleges that upon the faith of these checks his assignor did extend further credit to the defendant and sold and delivered goods and merchandise to him. But this action is not brought to recover the purchase price of such goods so later sold and delivered.

Conceding that the checks were a false statement by defendant as to his financial responsibility or standing, still the credit given to the defendant, and upon which this action is based, was not procured by reason of such checks. As far as this action is concerned the plaintiff has not been injured by the giving of the checks. It may be that in an action to recover for goods thereafter sold and delivered the giving of worthless checks would entitle plaintiff or his assignor to a warrant of attachment, but in this action he does not show that credit was given upon the faith of such checks for the goods and merchandise sold and for the purchase price of which this action is brought.

It seems to me that the plaintiff must show that the obligation upon which he sues was created in reliance upon a wrongful act of the defendant. In construing section 636 of the Code of Civil Procedure, now section 903 of the Civil Practice Act, it was held that " The law furnishes a remedy only for such wrongful acts as result in injury." (*Penoyar* v. *Kelsey*, 150 N. Y. 77, 82.)

As far as this action is concerned, as far as credit was given for goods sold and delivered, the value of which is represented by the checks in suit, the plaintiff has shown no injury to himself or his assignor by the act of the defendant in delivering the worthless checks.

The warrant of attachment is vacated.